**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MONTANA**
**MISSOULA DIVISION**

_____

| | |
|---|---|
| LENORA DAVIS BATEMAN, VICKI EARHART, CAROL HEALD, IVAN KAYS, THERESA YOUNGQUIST, BARBARA GAUSTAD, SHARON YOUNG, DIANE MOLES, KYLE BAILEY, MIKE BRIGGS, MARK RADEMAN, DREW OLSEN and CHADNEY SAWYER, | CV 08-96-M-DWM-JCL |
| | FINDINGS & RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE |
| Plaintiffs, | |
| vs. | |
| NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PENNSYLVANIA; and FEDERAL INSURANCE COMPANY, | |
| Defendants. | |

_____

Defendant National Union Fire Insurance Company of Pittsburgh, Pennsylvania ("National Union") has moved under Federal Rule of Civil Procedure 12(b) to dismiss the Amended Complaint on several grounds. For the reasons set forth below, National Union's motion should be granted.

## I. Background

The Plaintiffs commenced this diversity action in July 2008, asserting claims against National Union and Defendant Federal Insurance Company ("Federal Insurance") under the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202. The

PAGE 1

Plaintiffs are among the several former employees of Tidyman's grocery chain who have brought a separate action in this Court alleging that Tidyman's and its officers and directors breached various corporate and ERISA duties.  *Nagrone, et al. v. Michael A. Davis, et al.*, CV-07-04-M-DWM; Am. Compl. ¶ 6.  National Union was the liability insurer for Tidyman's officers and directors during the relevant period, and Federal Insurance was Tidyman's fiduciary liability insurer.  Am. Compl. ¶¶ 3, 26.

Plaintiffs allege that "National Union has refused to adjust Plaintiffs' third party claims [under the policies] in compliance with statutory and/or common law claims handling requirements," and ask "[f]or a declaration that National Union must comply with applicable statutory and common law in its adjustment of Plaintiffs' third party claim."[1]  Am. Compl., ¶ 42, Prayer for Relief, ¶ 2.

National Union has since moved under Fed. R. Civ. P. 12(b)(1) to dismiss Plaintiffs' Amended Complaint for lack of subject matter jurisdiction.  National Union argues that subject matter jurisdiction is lacking because the amount in controversy prerequisite to diversity jurisdiction is not met, and because the Plaintiffs lack standing.  In the alternative, National Union

---

[1] Plaintiffs also seek declaratory relief against Federal Insurance.  Because Federal Insurance has not moved to dismiss, however, that claim is not relevant for purposes of this discussion.

PAGE 2

asks the Court to decline jurisdiction because there is no justiciable case or controversy presented by Plaintiffs' claim against it, and because Plaintiffs' claim raises state law issues. Finally, National Union takes the position that its insureds are necessary parties under Fed. R. Civ. P. 19, which it maintains weighs in favor of declining jurisdiction.

Because it is dispositive, the Court turns first to National Union's argument that Plaintiffs' claim for declaratory relief does not present an actual case or controversy.[2]

## II.  Discussion

Plaintiffs bring their sole claim against National Union pursuant to the Declaratory Judgment Act ("Act"). Am. Compl. ¶¶ 22, 41-43. The Act provides, in pertinent part, that "[i]n a case of actual controversy within its jurisdiction...any court of the United States...may declare the rights and other legal relations of any interest party seeking such declaration." 28 U.S.C. §§ 2201(a). Applying this language, the Ninth Circuit "ha[s] long held that the district court must first inquire whether there is an actual case or controversy within its

---

[2] Although National Union argues there is no justiciable controversy in conjunction with its request that the Court abstain from exercising jurisdiction, this argument is more properly considered as a component of its Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction. *See Rhoades v. Avon Products, Inc.*, 504 F.3d 1151, 1157 n.3 (9th Cir. 2007).

PAGE 3

jurisdiction." *Principal Life. Ins. Co. v. Robinson*, 394 F.3d 665, 669 (9th Cir. 2005).

This approach is, of course, consistent with Article III of the United States Constitution which requires that those seeking to invoke the jurisdiction of the federal courts must allege an actual case or controversy. *City of Los Angeles v. Lyons*, 461 U.S. 95, 101 (1983). "[I]f the court finds that an actual case or controversy exists" it must then determine whether to exercise its jurisdiction over the declaratory judgment action. *Principal Life Ins. Co. v. Robinson*, 394 F.3d at 669. If, however, no true case or controversy exists, "a complaint solely for declaratory relief under 28 U.S.C. § 2201 will fail for lack of jurisdiction under Rule 12(b)(1)." *Rhoades v. Avon Products, Inc.*, 504 F.3d 1151, 1157 (9th Cir. 2007).

For there to be an actual case or controversy, "[t]he disagreement underlying the declaratory relief action must not be nebulous or contingent but must have taken on a fixed and final shape so that a court can see what legal issues it is deciding, what effects its decision will have on the adversaries, and some useful purposes to be achieved in deciding them." *Rhoades*, 504 F.3d at 1157. "A case is considered ripe for review [within the meaning of the case or controversy requirement] when all 'the essential facts establishing the right to declaratory relief have already occurred.'" *Central Montana Elec. Power Co-op, Inc. v.*

PAGE 4

*Administrator of the Bonneville Power Administration*, 840 F.2d 1472, 1474 (9th Cir. 1988) (*quoting Wickland Oil Terminals v. Asarco, Inc.*, 792 F.2d 887, 893 (9th cir. 1986)).

The ultimate inquiry is "whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Central Montana Elec. Power Co-op*, 840 F.2d at 1474 (citations omitted). Absent such an actual case or controversy, a declaratory judgment would in effect "become an unconstitutional advisory opinion." *Rhoades*, 504 F.3d at 1157. *See also A.S. Abell Co. v. Chell*, 412 F.2d 712, 719 (4th Cir. 1969) (explaining that "a declaratory judgment may not be given for a purely hypothetical situation" or as "an advisory opinion").

Examined under these standards, it is apparent that Plaintiffs' claim for declaratory relief against National Union does not present a justiciable controversy. Plaintiffs' sole claim against National Union is set forth in Count II of the Amended Complaint, which alleges that

> National Union has refused to adjust Plaintiffs' third party claims in compliance with statutory and/or common law claims handling requirements, which impose various duties on insurers in responding to third party claims, including but not limited to: investigating the claim; responding reasonably and promptly to communications concerning the claim; affirming or denying coverage; attempting in good faith to effectuate a prompt, fair and equitable settlement

PAGE 5

      of their claim; providing a reasonable explanation of the basis for a denial; etc.

Am. Compl. ¶ 42.

Plaintiffs assert that "[a]n actual controversy exists between the parties because National Union does not agree that the law requires it to adjust Plaintiffs' third party claim in a certain manner." Am. Compl. ¶ 43. Plaintiffs are of the view that "[a] judicial declaration of the parties' rights under the applicable common and statutory law and the subject insurance policies is necessary," and also posit that "other controversies may exist between the parties that require the Court's declaration." Am. Compl. ¶ 43.

That Plaintiffs' claim does not present a substantial controversy "of sufficient immediacy and reality to warrant the issuance of a declaratory judgment" is evident from its prayer for relief against National Union. *Central Montana Elec. Power Co-op*, 840 F.2d at 1474. Plaintiffs simply ask the Court "[f]or a declaration that National Union must comply with applicable statutory and common law in its adjustment of Plaintiffs' third party claim" and then enumerate various statutory and common law duties. Am. Compl. Prayer for Relief, ¶ 2. Plaintiffs are in effect asking that the Court issue an advisory opinion, stating that National Union must comply with applicable statutory and common law. Plaintiffs fail to explain how such an advisory declaration would serve any useful purpose, and have not shown

PAGE 6

that there is a true case or controversy with regard to their claim against National Union.

Plaintiffs' Prayer for Relief also asks "[f]or a declaration that the 'defense within limits' provisions of Defendants' policies are unenforceable under applicable law, and that, by reason of their conduct, Defendants are estopped from asserting policy limitations against coverage for the underlying matter." Am. Compl. Prayer for Relief ¶ 1.  While this portion of Plantiffs' Prayer for Relief refers generally to both "Defendants," it is evident from the operative allegations in the body of the Complaint that the relief sought does not pertain to National Union.

Plaintiffs allege in Count I of their Amended Complaint that "[t]he pertinent Federal Insurance policy contains a 'defense within limits' ('DWL') provision pursuant to which the policy limits available to cover Plaintiffs' claims is reduced by the sums Defendant expended in defense of [its] insureds."  Am. Compl. ¶ 32.  Plaintiffs assert that Federal Insurance's bad faith conduct in responding to and handling their third party claims "caused a reduction in the sums available to Plaintiffs for their losses" and take the position that "Federal Insurance should be precluded from enforcing the DWL provision in the pertinent policy or policies."  Compl. ¶ 39.  While this claim

may present an actual case or controversy with respect to Federal Insurance, it does not involve National Union.

As discussed above, Plaintiffs' sole claim against National Union does not present a true case or controversy.  Absent such a justiciable controversy, Plaintiffs' Complaint for declaratory relief against National Union fails for lack of jurisdiction under Fed. R. Civ. P. 12(b)(1).[3]  *See Rhoades*, 504 F.3d at 1157.

### III.  Conclusion

Based on the foregoing,

IT IS RECOMMENDED that Defendant National Union's motion to dismiss for lack of jurisdiction be GRANTED.

DATED this 4th day of December, 2008.

 /s/ Jeremiah C. Lynch
Jeremiah C. Lynch
United States Magistrate Judge

---

[3]  Having so determined, the Court need not address National Union's remaining arguments.